IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MUSTAFAH CHISLEY,          *
#280-358,
       Plaintiff,                              *

      v.                                           *   CIVIL ACTION NO. DKC-05-2669

MICHAEL E. MILLER,                         *
       Defendant.

                              ******

## <u>MEMORANDUM</u>

Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 stating that he was improperly housed on disciplinary segregation at the Maryland House of Correction-Annex ("MHCX"). Paper No. 1. Counsel for Defendant has filed a dispositive motion (Paper No. 13), which shall be treated as a Motion for Summary Judgment.   Plaintiff has responded. Paper No. 15.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

### 1. Factual Background

Plaintiff states that on April 14, 2005, he was transferred from the Maryland House of Correction to MHCX.  Paper No. 1.  He states that at that time he was placed on disciplinary segregation due to a 150 day segregation sentence he had previously received for an infraction.  At the time of his transfer the Warden at MHCX suspended the balance of his segregation sentence. On August 2, 2005, Plaintiff's tier officer confirmed that the Warden had suspended Plaintiff's

---

[1]Plaintiff also seeks appointment of counsel.  Paper No. 15. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  The court finds that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty.  Furthermore, the complaint is not of undue complexity.  Therefore, in the exercise of its discretion, the court shall deny the Motion.

disciplinary segregation sentence.   Plaintiff's "status" was converted to "population" but he remained on the segregation tier.   *Id.*   On an unspecified date, Plaintiff was moved to an administrative segregation tier.   On or about September 2, 2005, Defendant Miller had Plaintiff returned to disciplinary segregation status.   Plaintiff states that this was done in retaliation for his having filed a lawsuit in which Defendant Miller was a witness. *Id.*

Plaintiff further states that he is a protective custody inmate, yet he has been housed on the disciplinary segregation "general population tier."   He states that he is being "specially handled" in that no other movement of any inmate is permitted when Plaintiff is out of his cell.   *Id.*

## 2. Standard of review

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)).   "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted).   "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir. 1990) *(citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

## 3. Analysis

### A.    Exhaustion:

The court first examines Defendant's contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies.   The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies

before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust where Plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of

Correction to its prisoners.  If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff did not file any ARPs regarding his allegation that Defendant Miller wrongfully kept him on disciplinary segregation due to Plaintiff's having instituted another civil rights complaint where Miller provided an affidavit on behalf of the Defendant. Plaintiff also failed to file any ARPs regarding his status as a protective custody inmate.[2] Plaintiff states in his complaint that he did not file an ARP because the ARP process may not be used for challenging classification decisions.  Even if this is true, Plaintiff's complaint is not that Defendant made the wrong classification decision, but rather that Defendant retaliated against Plaintiff for his having exercised his right to access the court.  Clearly, such a claim of retaliation may be pursued through the ARP and IGO process.

Plaintiff states in his opposition that he has recently filed a complaint directly with the IGO and is in the process of exhausting those remedies.  Paper No. 15.  Plaintiff admits that he has not yet exhausted available administrative remedies with regard to his claims.  Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts to file a complaint or exhaust his administrative remedies. Accordingly, the court finds that dismissal of this case, without prejudice, is proper.

---

[2]To the extent, Plaintiff claims that he should be transferred to another DOC institution where he would not have to remain on protective custody, he fails to state a claim.  There is no liberty interest in remaining in general population, nor in being housed in a particular prison.  *See Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (assignment to administrative segregation at Maryland Penitentiary); *Paoli v. Lally*, 812 F.2d 1489, 1492-93 (4th Cir. 1997) (finding no liberty interest in being housed in prison of a certain security level under pre-*Sandin* analysis); *Knox v. Lanham*, 895 F. Supp. 750, 761 (D. Md. 1995) (no constitutional right violated by temporary placement on administrative segregation at the Eastern Correctional Institution).

### 4. Conclusion

Given the foregoing, Defendant's Motion to Dismiss shall be granted.   A separate Order shall be entered in accordance with this Memorandum.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge